### PHŒNIX MILLS *v.* MILLER *et al.*

(*Supreme Court, General Term, Third Department.* December 12, 1890.)

FORECLOSURE OF MORTGAGES—APPEAL—STAY.

> On foreclosure of a mortgage, in which M. and others were defendants, after judgment of foreclosure and sale, and after a notice of appeal therefrom served, with an undertaking by M., had been returned as irregular, the premises were sold under the judgment, and the purchaser was put into possession. Motions by defendant M. to set aside such sale were denied; and a motion afterwards made by another defendant, P., claiming under a deed of part of the premises, and by M., to set aside the order of confirmation of the sale, was also denied. *Held*, that P. could not maintain ejectment against the purchaser, on the ground that M.'s appeal and undertaking stayed the proceedings in the foreclosure, and that the sale was void.

Appeal from special term, Montgomery county.

Action of ejectment by The Phœnix Mills, a corporation, against James A. Miller and Jacob Snell.  From a judgment for defendants entered on trial by the court, a jury having been waived, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edward J. Maxwell*, for appellants.  *M. L. Stover*, for respondent.

LEARNED, P. J.  This is an action of ejectment.  On the 18th of August, 1884, an action of foreclosure was commenced by David W. Shuler against Margaret Maxwell and others.  The Phœnix Mills held an unrecorded deed of part of the premises, which deed it recorded September 3, 1884.  Thereupon the Phœnix Mills applied for leave to come into the Shuler action, and, by consent of the attorney for Shuler, the Phœnix Mills put in an answer in that foreclosure action.  The cause was referred, and, on the referee's report, the usual judgment of foreclosure was granted, April 7, 1885, the Phœnix Mills appearing by Mr. E. P. White.  About the 10th of June, 1885, and before the sale, Margaret Maxwell caused a notice of appeal from the judgment to be served, by E. J. Maxwell as her attorney, with an undertaking.  This notice was returned as irregular, and the sale took place June 12, 1885, at which defendant Miller became the purchaser.  He received the referee's deed, and was put into possession under an order of dispossession dated September 1, 1885, by the defendant Snell, a deputy-sheriff.  A motion was made by

Elizabeth Maxwell to set aside the sale, which was denied July 17, 1885. The denial was affirmed at general term November, 1885. *Shuler* v. *Maxwell*, 38 Hun, 240. An appeal to the court of appeals from the order of affirmance was dismissed. Still another motion to set aside the sale was made by Elizabeth Maxwell, and decided June 14, 1887. A motion made July 7, 1885, by the Phœnix Mills and by Margaret Maxwell, to set aside the order of confirmation of the referee's sale. This was denied, and the sale and report were confirmed.

Now the plaintiff's ground is that Margaret Maxwell's appeal and undertaking stayed the proceedings in the foreclosure; that therefore the sale was void, and Miller obtained no title. Now it was decided by this court in the case above cited that the alleged notice of appeal and undertaking did not stay the proceedings. The appeal from the order was dismissed by the court of appeals, and therefore that court could not have held that the decision of this court was erroneous in matter of law. In the next place, the Phœnix Mills did not appeal, so that, even if Margaret Maxwell had ground of complaint that the sale proceeded after her alleged appeal, the Phœnix Mills had none. The judgment of sale against the Phœnix Mills was not objected to by that corporation, and the sale therefore proceeded with the practical consent of the Phœnix Mills. Again, the Phœnix Mills and Margaret Maxwell were heard on the motion to set aside the order of confirmation, and that motion was denied, and the sale and report were confirmed. Therefore as against the Phœnix Mills that sale must stand as valid and binding. The plaintiff urges that Miller was not a party to that order, and therefore there is no mutuality, and hence no estoppel. But Miller claims under the sale, and the order confirmed the sale. He may well insist that the Phœnix Mills shall not be allowed in another action to review or reverse that order of confirmation. Further still, if the appeal alleged to have been taken by Margaret Maxwell had been valid, and with the undertaking had entitled her to a stay of proceedings in the action, and if, notwithstanding this, a sale had been made and had been confirmed, we are not prepared to say that in another action that sale could be held invalid as to a *bona fide* purchaser at the sale. Evidently the court had jurisdiction of the parties. 'If its proceeding was irregular or even contrary to the rules of law, the remedy should be had in that action. If the court officers disregard a stay of proceedings, they must be controlled by the court in the action in which the disregard occurred. The plaintiff here would have the court in one action hold that a sale was without jurisdiction which was made in another action, and which was confirmed by the court. We are not willing to take that position. Judgment affirmed, with costs. All concur.